

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIDA DEJESUS, administrator of the Estate of Ubaldo N. Ramos | : : : | CIVIL ACTION |
| v. | : : | |
| CITY OF LANCASTER, et al. | : | NO. 14-CV-3437 |

**MEMORANDUM AND ORDER**

Ditter, J.  March 16, 2015

Plaintiff has filed this action alleging constitutional violations occurring during the arrest and detention of Ubaldo N. Ramos that resulted in his death. Defendants, City of Lancaster, Police Officer Henry C. Barrie, Sergeant Gary McGrady and Police Chief Keith Sadler have filed a motion to dismiss Plaintiff's amended complaint. For the reasons that follow, the motion is denied.

1. Factual Background[1]

On August 31, 2012, Officer Barrie and Sergeant McGrady observed Ramos at or near the 300 block of South Queen Street, Lancaster, Pennsylvania, acting in a manner that indicated he was severely intoxicated. Believing Ramos was so intoxicated that he was a risk to his own safety and the safety of others, the officers arrested Ramos for public drunkenness. He was transported to the Lancaster police station for processing. While at the police station and standing unattended, Ramos fell to the floor striking his head. He was transported to Lancaster General Hospital where he was listed in critical

---

[1] The factual background is taken from the allegations in the amended complaint.

condition and placed in the Trauma Unit because of his head injuries. He was later transferred to a nursing home facility for medical care and treatment. On July 3, 2013, Ramos died as the result of the injuries sustained at the police station.

2. Standard of Review

The standard of review for a motion to dismiss is well established. Under Rule 12(b)(6) a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the non-moving party. *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). However, recitation of the elements of a cause of action, supported by mere conclusory statements, is insufficient to establish that a claim is plausible. I may dismiss the complaint only if it is clear that no plausible claim for relief has been raised. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3. Discussion

Plaintiff has asserted five counts under 42 U.S.C. § 1983. To state a § 1983 claim, the plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States. *Nincini v. Morra*, 212 F.2d 798, 806 (3d Cir. 2000)(en banc). The first step in evaluating such a claim requires the identification of an underlying right that is alleged to have been violated and then the determination whether the alleged deprivation is of a constitutional right at all. *Id.*

Defendants have moved to dismiss all five counts of the amended complaint. I shall discuss each separately.

### A. Count I - Violation of Civil Rights, 42 U.S.C. § 1983 (special relationship)

In Count I, Plaintiff asserts a violation of substantive due process under the Fourteenth Amendment. She contends a special relationship was created with Ramos when the defendants took him into police custody, and thus, the defendants owed Ramos a duty to ensure his safety and well-being, and this duty was breached when Ramos was left unattended despite his severe intoxication.

The Due Process Clause forbids the state itself from depriving "individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 195 (1989). Due Process does not generally impose an affirmative obligation upon the states to protect individuals from private citizens. *Id.* at 195-96. However, there is a "special relationship" exception to the general rule that imposes such a duty where "the State takes a person into its custody and holds him there against his will." *Id.* at 199-200.

Ramos was in police custody so he has asserted a special relationship. The Plaintiff must also show that Ramos was harmed due to the defendants' deliberate indifference to his health and safety. It is alleged that the officers knew Ramos was intoxicated to an extent that they felt it necessary to take him into custody. However,

3

once in custody, they failed to properly supervise Ramos to insure his safety. If Plaintiff can establish that this conduct evidenced deliberate indifference to Ramos' safety, she can prevail on a § 1983 claim. Viewing the allegations in the light most favorable to the plaintiff, the motion to dismiss Count I will be denied.

### B. Count II - Violation of Civil Rights, 42 U.S.C. § 1983 (state-created danger)

Plaintiff alleges that when the defendants arrested and detained Ramos, they created an opportunity for danger and serious bodily harm that otherwise would not have existed. The state-created danger exception to the general rule that the state has no affirmative obligation to protect citizens has four essential elements: 1) the harm ultimately caused was foreseeable and fairly direct; 2) a state actor acted with a degree of culpability that shocks the conscience; 3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions as opposed to a member of the public in general; and 4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than has the state not acted at all. *Bright v. Westmoreland Co.*, 443 F.3d 276, 281 (3d Cir. 2006).

While the defendants have set forth persuasive arguments that highlight the difficulty the Plaintiff will face proving this claim, that is not the standard of review on a motion to dismiss. Again, at this stage of the proceedings, she must only establish that she has a plausible claim viewing the evidence in the light most favorable to the plaintiff.

4

I find that the plaintiff has stated a plausible claim. The motion to dismiss Count II will be denied.[2]

### C. Count III - Violation of Civil Rights, 42 U.S.C. § 1983 (wrongful death) and Count IV - Violation of Civil Rights, 42 U.S.C. § 1983 (survival action)

These two claims were raised in the original complaint as state law claims and the defendants moved to dismiss them under Pennsylvania's Political Subdivisions Tort Claim Act. 42 Pa.C.S.A. § 8541. The Act provides a general grant of immunity to political subdivisions, their departments and employees when acting in the scope of their employment but provides limited exceptions for such recoveries against political subdivisions. 42 Pa.C.S.A. § 8542. In response, the plaintiff filed an amended complaint asserting these claims as civil rights claims. In their motion to dismiss the amended complaint, Defendants reassert their Tort Claims Act argument but do not address these claims under § 1983.

The Supreme Court has not decided "whether § 1983, independently or in conjunction with state law, may be used by survivors when the decedent's death resulted from a constitutional violation." *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1502 (10th Cir. 1990) (citing *Jones v. Hildebrant*, 432 U.S. 183 (1977)). The Third Circuit has not decided this issue and judges of this district and the other courts of appeals have reached differing results. *See Moyer v. Berks Heim Nursing Home*, 2014 U.S. Dist.

---

[2] The individual defendants have also raised a claim of qualified immunity. I shall reserve decision on this claim until the record has been developed.

LEXIS 36600 (E.D. Pa. 2014) (listing cases). Thus, I shall take the same approach as the Honorable Lawrence F. Stengel did in *Moyer* and I will allow these claims to proceed. After discovery, the parties may address the propriety of these claims.

## V. Monel Claims

The City of Lancaster asserts that Plaintiff has failed to plead sufficient facts to demonstrate that the City itself, through the implementation of municipal policy or custom, caused the underlying constitutional violation. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978). When a §1983 claim is brought against a municipality, I must consider two issues: 1) whether the plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120 (1992). Because a municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability, I must first determine "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). If there is no causal link, the municipality is not liable even if plaintiff's constitutional rights have been violated. *Collins*, 503 U.S. at 122.

The City contends this claim must be dismissed because Plaintiff has failed to identify any specific policy that violated decedent's civil rights. That is correct because what the Plaintiff does challenge is the lack of specific policies or their enforcement resulting in a failure to adequately train or supervise its police officers on the proper

6

identification and care of intoxicated persons in its custody.

As previously stated, establishing municipal liability under *Monell* requires proof of an official policy or evidence of a municipal custom. Policy is made when a decision-maker with authority to do so issues an official proclamation, edict, or directive. *See Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). Custom can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. *Id.* at 156 (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)). Thus, custom may be established by proof of knowledge and acquiescence. *Id.* (citing *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)). Under either theory of liability, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

Accepting the facts in the light most favorable to the Plaintiff, I find she has sufficiently sets forth her claim under the custom theory of liability. The motion to dismiss Count V will be denied.

An appropriate order follows.